# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

IN RE:                                                            )
                                                                  )
Joshua Derrick Beeson                                             ) Case No. 15-30508-can7
Jessica Dawn Beeson,                                              )
    Debtors.                                   )
_____)

## MEMORANDUM OPINION DENYING TRUSTEE'S OBJECTION TO EXEMPTION

This case compels the court to consider the question: What size must a mobile home be before it may be exempted as a mobile home under Missouri law?

The facts are not in dispute.[1] The Debtors, Joshua and Jessica Beeson, own a 2003 Dutch camper valued at $8,245. The camper contains sleeping, eating, and sitting areas, and is outfitted with beds, furniture, and kitchen appliances. The camper's bathroom is plumbed with a toilet, sinks and a small shower, and the camper has built-in lights, heating, and air conditioning units that run on electricity and propane. The Debtors live in the camper and it is the only place they live. The Debtors exempted $5,000 of their interest in the camper under RSMo § 513.430.1(6), which authorizes the exemption of "[a]ny mobile home used as the principal residence but not on or attached to real property in which the debtor has a fee interest, not to exceed five thousand dollars in value."

The Chapter 7 Trustee timely objected to the Debtors' exemption of the camper under the authority of *Moon v. Hurd (In re Hurd)*, 441 B.R. 116 (B.A.P. 8th Cir. 2010). In *Hurd*, the 8th Cir. BAP held that a horse trailer in which a debtor slept after his girlfriend kicked him out of her home did not qualify as an exempt mobile home under Missouri law. The BAP reasoned that the

---

[1]    The court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334(a), 157(a), and 157(b)(1). Because this is a dispute to determine exemptions from the bankruptcy estate, it is a core proceeding. 28 U.S.C. § 157(b)(2)(B); 11 U.S.C. § 522.

1

term "mobile home" in § 513.430.1(6) should be construed in light of the definition of a "manufactured home" in RSMo § 700.010(6), a statute which establishes standards for manufactured homes. *In re Hurd*, 441 B.R. at 119. Section 700.010(6), according to the BAP, requires a structure to be eight feet wide *and* forty feet long or to contain 320 or more square feet to qualify as a manufactured home. The horse trailer in *Hurd* did not qualify as a manufactured home under § 700.010(6) since it measured only twenty feet long and six feet wide, or merely 120 square feet. *Id*. at 120.

The Trustee in this case argues that, under *Hurd*, the Debtors' camper is likewise too small to qualify as a manufactured home and thus cannot be an exempt mobile home. The Debtors' camper measures thirty-one by eight feet in the traveling mode (248 square feet). According to the Trustee, even when considering the twelve-by-three feet of additional space created by a slide-out when the camper is parked (another 36 square feet), the total square footage of only 274 square feet disqualifies the Debtors' camper from meeting the definition of a manufactured home as interpreted by *Hurd*.

The Debtors' response to this argument is that the plain language of § 700.010(6) defines a manufactured home in the alternative, to be a

> structure, transportable in one or more sections, which, in the traveling mode, is eight body feet or more in width *or* forty body feet or more in length, *or*, when erected on site, is three hundred twenty or more square feet …

(emphasis added). The Debtors argue that since their camper meets at least one of these size requirements – the eight body feet in width – then it should qualify as a manufactured home under a plain reading of § 700.010(6).

This court need not determine whether *Hurd's* dicta about the size requirements of a manufactured home is the correct interpretation of § 700.010(6). In *Hurd,* it was appropriate for

the BAP to resort to other definitions in the Missouri statutes, since the structure at issue was not a "mobile home" under the common understanding of what a mobile home is – it was a horse trailer. *In re Hardy*, 503 B.R. 722, 725 (B.A.P. 8th Cir. 2013), *rev'd on other grounds*, 787 F.3d 1189 (8th Cir. 2015) (noting that to determine legislative intent, we must give an undefined word used in a statute its plain and ordinary meaning as found in a dictionary).[2] A mobile home is defined as a dwelling structure built on a steel chassis and fitted with wheels that is intended to be hauled to a usually permanent site. *Merriam-Webster's Collegiate Dictionary* (10th ed. 1997). Here, the Debtors' camper is without question a "mobile home."

Exemptions are to be liberally construed in favor of the debtor. *Wallerstedt v. Sosne (In re Wallerstedt)*, 930 F.2d 630, 631–32 (8th Cir. 1991). If the Missouri legislature had intended that the term "mobile home" in RSMo § 513.430.1(6) be defined in terms of dimensions, it could have done so. Since the camper in this case is a mobile home, it qualifies for the exemption is RSMo § 513.430.1(6), notwithstanding its square footage or dimensions. The Trustee's objection to the Debtors' exemption is therefore OVERRULED.

DATED: March 9, 2016

/s/ Cynthia A. Norton
United States Bankruptcy Judge

Parties to receive electronic notice

---

[2] *See also In re Hardy*, 787 F.3d at 1193 ("Under Missouri law, when a term in a statute is not defined, courts seek to find what the legislature intended by the term – generally reflected by a term's plain and ordinary meaning. To help determine the plain and ordinary meaning, courts may turn to the dictionary for guidance.") (citations omitted).